UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY M. GRAHAM,

       Plaintiff,

v.                                         Case No: 8:16-cv-929-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## <u>ORDER</u>

Plaintiff, Gregory M. Graham, seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.      Procedural Background

Plaintiff filed an application for disability insurance benefits on February 6, 2013. (Tr. 165.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 86–90, 92–96.) Plaintiff then requested an administrative hearing. (Tr. 97.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 41–61.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 25–36.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 9–11.) Plaintiff then timely filed a

complaint with this Court.  (Dkt. 1.)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1965, claimed disability beginning on September 15, 2012.  (Tr. 153.)  Plaintiff has a high school education.  (Tr. 169.)  Plaintiff's past relevant work experience included work as a maintenance supervisor.  (Tr. 58.)  Plaintiff alleged disability due to degenerative disc disease, cervical spine impairment, severe back pain, spinal stenosis, headaches, nerve damage, gastroesophageal reflux disease, attention deficit disorder, anxiety, and panic attacks.  (Tr. 168.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since September 15, 2012, the alleged onset date.  (Tr. 30.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, bilateral carpal tunnel syndrome, depression, and anxiety.  (Tr. 30.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30.)  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work that does not require more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling.  (Tr. 32.)  In addition, the ALJ found that Plaintiff is unable to operate hand controls and unable to perform more than simple, routine, repetitious tasks with one or two steps of instruction.  (Tr. 32.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged,

Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 32.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 35.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a small parts assembler, an electronics worker, or a laundry folder. (Tr. 36.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 36.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the

correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff raises the following issue on appeal: the ALJ failed to properly consider the opinion of Dr. Alberto Vasquez.  Specifically, Plaintiff contends that the ALJ erred in failing to consider Dr. Vasquez's opinion that Plaintiff "had serious problems using his hands and wrists and that [Plaintiff] had a cervical radiculopathy."  (Dkt. 15 at 4.)  Plaintiff argues that the ALJ erred by stating that Dr. Vasquez found no evidence of cervical radiculopathy.  (Dkt. 15 at 5.)  Plaintiff further argues that Dr. Vasquez's opinion was entitled to controlling weight as Dr. Vasquez is a treating physician.  (Dkt. 15 at 6.)  Last, Plaintiff argues that the ALJ's hypothetical question to the VE was inadequate for not including the restrictions and limitations that Dr. Vasquez placed on Plaintiff's hands and wrists.  (Dkt. 15 at 6.)

Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity" of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, the claimant's ability to perform despite impairments, and the claimant's physical or mental restrictions.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (internal quotation and citation omitted); 20 C.F.R. § 404.1527(a)(2).

A treating physician's opinion is "given substantial or considerable weight unless good cause is shown to the contrary" and an ALJ must specify the weight given to the treating physician's opinion.  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).  However, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his or her decision, so long as the decision is not "a broad rejection" that leaves the court with insufficient

information to determine whether the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Thus, "[t]o the extent that the administrative law judge erred by failing to state with particularity the weight assigned to [treating physicians'] medical opinions, the error is harmless" if it does not "affect the administrative law judge's ultimate determination." *Hunter v. Comm'r of Soc. Sec.*, 609 Fed. App'x 555, 558 (11th Cir. 2015) (finding that the ALJ's decision was supported by substantial evidence and, therefore, the ALJ's failure to explicitly state the weight afforded to treating physicians' testimony was harmless error); *Tillman v. Comm'r, Soc. Sec. Admin.*, 559 Fed. App'x 975, 975–76 (11th Cir. 2014) (recognizing harmless error analysis in the context of an ALJ's failure to address a treating source's opinion and concluding that "when the ALJ's error did not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand"); *Caldwell v. Barnhart*, 261 Fed. App'x 188, 191 (11th Cir. 2008) (finding that the ALJ's failure to state the weight given to a physician's opinions was harmless error because the opinions did not otherwise contradict the ALJ's findings); *Wright v. Barnhart*, 153 Fed. App'x 678, 684 (11th Cir. 2005) (finding harmless error for the ALJ's failure to explicitly state what weight he afforded to a number of physicians' medical opinions when the opinions did not directly contradict the ALJ's findings).

Dr. Vasquez treated Plaintiff on April 22, 2013, on referral from Plaintiff's treating physician for evaluation of Plaintiff's numbness and tremors in his hands. (Tr. 348.) Dr. Vasquez reviewed Plaintiff's MRI of his cervical spine and performed a nerve conduction study. (Tr. 347–349.) The nerve conduction study revealed bilateral median neuropathies at the wrists and bilateral carpal tunnel syndrome. (Tr. 347.) Dr. Vasquez opined that Plaintiff has essential tremor and evidence of bilateral median neuropathy at the wrists as can be seen in carpal tunnel syndrome. (Tr. 350.) Dr. Vasquez further opined that Plaintiff has numbness and tingling in both hands

"probably secondary to the carpal tunnel syndrome as well as the old Cervical Radiculopathy that he has." (Tr. 350.) Dr. Vasquez concluded that there is no evidence of active cervical radiculopathy and no evidence of myelopathy. (Tr. 350.) He advised Plaintiff to avoid repetitive movements of both wrists and to wear a carpal tunnel splint during the day and at night. (Tr. 350.)

In assessing Plaintiff's RFC, the ALJ specifically addressed Dr. Vasquez's findings. (Tr. 33.) The ALJ noted that Dr. Vasquez conducted nerve conduction studies, revealing "some difficulties at the claimant's wrists." (Tr. 33.) The ALJ further noted that Dr. Vasquez diagnosed Plaintiff with carpal tunnel syndrome and found "no evidence of cervical radiculopathy," but found a tremor. (Tr. 33.)

Plaintiff argues that the ALJ did not properly account for Plaintiff's cervical radiculopathy. Plaintiff states that the ALJ indicated Dr. Vasquez found no evidence of cervical radiculopathy. (Dkt. 15 at 5.) Plaintiff contends that the ALJ erred because Dr. Vasquez indicated that the numbness and tingling in Plaintiff's hands was due to carpal tunnel syndrome and old cervical radiculopathy. (Dkt. 15 at 4.) While Dr. Vasquez did make this conclusion, he also specifically stated that "[t]here is no evidence of active Cervical Radiculopathy at this time." (Tr. 350.) Therefore, Plaintiff's argument lacks merit.

Next, Plaintiff argues that Dr. Vasquez's opinions were entitled to controlling weight as they were based on a full neurological examination, a review of a recent cervical MRI, and nerve conduction testing. (Dkt. 15 at 6.) However, Dr. Vasquez only conducted a single examination of Plaintiff. (Tr. 345–350.) Therefore, the ALJ was not required to defer to Dr. Vansquez's opinions. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 Fed. App'x 875, 877 (11th Cir. 2013); *Crawford v. Comm'r Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004). The ALJ did not explicitly assign Dr. Vasquez's opinion weight, but did note Dr. Vasquez's opinions, including the nerve

conduction studies, Plaintiff's difficulties with his wrists, and Plaintiff's carpal tunnel syndrome. (Tr. 33.)  Further, the ALJ's RFC finding is consistent with Dr. Vasquez's opinions.  The ALJ provided a limitation to Plaintiff's use of his hands and wrists in the RFC by limiting Plaintiff to jobs where the operation of hand controls is not required.  (Tr. 32.)

Moreover, the ALJ's RFC determination concerning Plaintiff's hands and wrists is supported by substantial evidence.  For example, in May 2013, consulting physician Dr. Robert Shefsky found that Plaintiff had a full range of motion in his forearms and wrists.  (Tr. 335.)  Dr. Shefsky further found that Plaintiff's hand and finger dexterity was intact and his grip strength was 5/5 bilaterally.  (Tr. 335.)  Likewise, in June 2013, state agency physician Dr. David Guttman opined that Plaintiff had no manipulative limitations and was unlimited in his ability to push and pull.  (Tr. 80.)  The ALJ gave this opinion limited weight and imposed additional limitations in the RFC assessment.  (Tr. 34.)  With regard to Plaintiff's daily activity, Plaintiff reported that he is able to drive on a daily basis.  (Tr. 46, 187.)  Thus, "[t]o the extent that the administrative law judge erred by failing to state with particularity the weight assigned to [Dr. Vasquez's] medical opinions, the error is harmless" because it does not "affect the administrative law judge's ultimate determination."  *Hunter*, 609 Fed. App'x at 558 (finding that the ALJ's decision was supported by substantial evidence and, therefore, the ALJ's failure to explicitly state the weight afforded to treating physicians' testimony was harmless error); *Tillman*, 559 Fed. App'x at 975–76 (recognizing harmless error analysis in the context of an ALJ's failure to address a treating source's opinion and concluding that "when the ALJ's error did not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand"); *Caldwell*, 261 Fed. App'x at 191 (finding that the ALJ's failure to state the weight given to a physician's opinions was harmless error because the opinions did not otherwise contradict the ALJ's findings); *Wright*, 153 Fed. App'x at 684 (finding

harmless error for the ALJ's failure to explicitly state what weight he afforded to a number of physicians' medical opinions when the opinions did not directly contradict the ALJ's findings).

Plaintiff further argues that the ALJ erred in providing an inadequate hypothetical to the VE with regard to Plaintiff's ability to use his hands. (Dkt. 15 at 5.) When the ALJ determines that a claimant cannot perform past relevant work, then the Commissioner must produce evidence that claimant is able to do other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). The burden then shifts to the claimant to show that the claimant "is unable to perform the jobs that the Commissioner lists." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a [vocational expert]." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). A vocational expert's testimony constitutes substantial evidence when the ALJ poses a hypothetical question to the vocational expert "which comprises all of the claimant's impairments." *Wilson*, 284 F.3d at 1227.

Here, upon questioning the VE regarding whether there are jobs existing in significant numbers in the national economy for Plaintiff, the ALJ posed a series of questions with limitations consistent with the RFC finding. (Tr. 65, 70.) The VE testified that an individual with Plaintiff's RFC could perform work such as a small parts assembler, electronics worker, and laundry folder. (Tr. 58–59.) As addressed above, the ALJ's RFC finding is supported by substantial evidence. Further, "the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford*, 363 F.3d at 1161. Because the ALJ's hypothetical questions included all of Plaintiff's impairments addressed in the RFC finding, the VE's testimony constitutes substantial evidence. *See Freeman v. Comm'r, Soc. Sec. Admin.*, 593 Fed. App'x 911,

916 (11th Cir. 2014) (affirming the ALJ's decision because the hypotheticals posed by the ALJ were consistent with the RFC determination and adequately considered all of claimant's credible limitations). Further, although Plaintiff takes issue with the ALJ's hypothetical and its reference to Plaintiff's ability to perform simple, routine, repetitious tasks with one or two steps of instruction, this limitation refers to Plaintiff's mental limitation, not the repetitive use of his hands. (Tr. 58.) Therefore, Plaintiff's arguments do not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on August 15, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record